McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VACANT LAND KNOWN AS APN: 033-040-55, LOCATED IN LAYTONVILLE, MENDOCINO COUNTY, CALIFORNIA,<br><br>　　　　　Defendant. | 1:06-CV-00423-OWW-DLB<br><br>**FINAL JUDGMENT OF FORFEITURE** |

　　　　Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

　　　　1.　　This is a civil forfeiture action of certain real property listed in the caption above, and more particularly described in Exhibit A attached hereto (hereinafter "defendant real property").

　　　　2.　　A Verified Complaint for Forfeiture *In Rem* was filed on April 12, 2006, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7). On May 19, 2006, an *Amended* Verified Complaint for Forfeiture *In Rem* was filed seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

　　　　3.　　On June 5, 2006, the defendant real property was posted with a copy of the *Amended* Complaint and the *Amended* Notice of Complaint in a manner consistent with the requirements of

18 U.S.C. § 985.

4.     Publication of the *Amended* Notice of Complaint For Forfeiture *In Rem* against the defendant real property was completed on August 13, 2006 in the Ukiah Daily Journal, a newspaper of general circulation in the county in which defendant real property is located (Mendocino County).

5.     In addition to the Public Notice of Posting, actual notice was acknowledged by the following claimants:

      a.    Scott McKinney

      b.    Dayle Waddington

      c.    Donna Waddington

6.     Scott McKinney has filed a claim and answer. Dayle Waddington and Donna Waddington have filed a claim.

7.     No other parties have filed claims or answers in this matter. The time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8.     That the Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

9.     That the judgment is hereby entered against claimants Scott McKinney, Dayle Waddington and Donna Waddington and all other potential claimants.

10.    Claimant Scott McKinney agrees to pay to the United States the sum of $73,600.00 as a substitute *res* in lieu of the defendant real property within forty-five (45) days from the date of signing the Stipulation for Final Judgment of Forfeiture (August 22, 2006). Claimant Scott McKinney shall send a cashier's check in the amount of $73,600.00 made payable to the U.S. Marshals Service to the U.S. Attorneys Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. Said $73,600.00 shall be substituted as the res herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law. Upon payment of the sub *res*, the United States agrees to forego any further action against the

defendant real property based on the facts alleged in the Complaint.  Upon payment of the sub *res*, the United States will send Withdrawals of Lis Pendens to the County Recorder.

11.   In the event the payment of $73,600.00 is not made within forty-five (45) days from the date of signing the Stipulation for Final Judgment of Forfeiture, as provided in paragraph 10 above, the parties agree as follows:

   a.   On or after the 45th day from the date of signing the Stipulation for Final Judgment of Forfeiture, all right, title, and interest in the defendant real property shall be forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(7) to be disposed of according to law.

   b.   The U.S. Marshals Service shall list the defendant real property for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker and shall have sole authority over the marketing and sale of the defendant real property.

   c.   The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

   d.   If necessary, the U.S. Marshals Service, and the real estate broker or designee of the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

   e.   The following costs, expenses, and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

     (1)   The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

     (2)   To Dayle Waddington and Donna Waddington, by way of a promissory note executed and delivered on September 2, 2004, which is secured by a Deed of Trust recorded on October 6, 2004, as document number 2004-22629 in the Official Records of Mendocino

County for the original amount of $75,000.00, the following:

(i) The sum of $73,309.02, less any principal payments made between May 16, 2006, and the date of payment and the interest due and owing of $1,076.86 as of May 16, 2006; plus interest on the unpaid principal sum at the current rate of 11.5000% per annum, until paid, less any payments or credits made or received after May 16, 2006;

(ii) All unpaid interest at the contractual rate (not default rate) under the subject note and deed of trust recorded in the official records;

(iii) All unpaid casualty insurance premiums for the defendant real property from June 5, 2006 (date of posting of defendant real property) to the date of payment;

(iv) A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the deed of trust.

(v) The exact amount to be paid to Dayle Waddington and Donna Waddington, shall be determined at the close of escrow.

(3) Any unpaid real property taxes, which shall be prorated as of the date of entry of the Final Judgment of Forfeiture.

(4) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee, and such costs of sale as the U.S. Marshals Service may incur, including, but not limited to, county transfer taxes.

(5) To the United States of America, the sum of $73,600.00. This sum shall be substituted as the *res* in this forfeiture action, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

(6) To Claimant Scott McKinney through his attorney Brenda Grantland at 20 Sunnyside, Suite A-204, Mill Valley, California 94941, all amounts remaining after payments pursuant to ¶ 11e(1) thru (5).

    f. Any liens or encumbrances against the defendant real property that appear on record subsequent to recording of plaintiff's Lis Pendens on April 18, 2006, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow. The full amount paid under this provision shall be deducted from the amount to be paid out of escrow to Claimant Scott McKinney pursuant to ¶ 11(e)(6), above.

    g. The costs of a lender's policy of title insurance (CLTA policy) shall be paid for by the buyer.

    h. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

    i. Claimants Scott McKinney, Dayle Waddington and Donna Waddington shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

  12. Claimants Scott McKinney, Dayle Waddington and Donna Waddington hereby release Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties to this stipulation waive the provisions of California Civil Code §1542.

  13. Claimant Scott McKinney shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear expected, until he has paid the $73,600.00 payment. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

  14. Until he has paid the $73,600.00 payment, Claimant Scott McKinney shall maintain

any and all loan payments and insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property. Claimant Scott McKinney shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the secondary beneficiary of the insurance policy.

15. Until he has paid the $73,600.00 set forth herein, Claimant Scott McKinney shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

16. Until Claimant Scott McKinney has paid the $73,600.00 in full, Claimant Scott McKinney shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

17. In the event payment is not made by Scott McKinney to the United States pursuant to this agreement and paragraph 11 herein becomes effective, Claimant Scott McKinney and/or all others occupying the defendant real property with his consent shall vacate the defendant real property within thirty (30) days after receiving notice that the defendant real property has been placed for sale. Claimant Scott McKinney further shall remove all of his personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of Claimant Scott McKinney's personal possessions, and the personal possessions of any former occupant, not removed within thirty (30) days of his receipt of notice that the defendant real property has been placed on the market will be disposed of by the United States without further notice. Neither Claimant Scott McKinney nor any occupant shall remove any fixtures from the property. The failure to comply with this paragraph may result in sanctions, including contempt of court. Any cost incurred by the United States to evict Claimant Scott McKinney, or for disposal of personal possession, or to repair damage to the property, shall be deducted from the payment to Claimant Scott McKinney as set forth in ¶ 11e(6) above.

18. There was reasonable cause for the posting of the defendant real property, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

19. All parties are to bear their own costs and attorneys' fees.

20. The parties have acknowledged that they obtained, or declined to obtain, the advice of counsel prior to executing the stipulation for forfeiture, and that they entered into the stipulation knowingly and voluntarily.

21. Pending payment of the $73,600.00 or sale of the defendant real property, and disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

SO ORDERED THIS _13th_ day of _September_____, 2006.


       /s/ Oliver W. Wanger
OLIVER W. WANGER
United States District Judge


CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed April 12, 2006, the *Amended* Complaint for Forfeiture *In Rem* filed May 19, 2006 and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.


9/13/06                                                            /s/ Oliver W. Wanger
Dated: _____                     _____
                                                                   OLIVER W. WANGER
                                                                   United States District Judge

EXHIBIT A

Real property in the unincorporated area of the County of Mendocino, State of California, described as follows:

Tract One:

That portion of the East of Lots 2 and 3 of Section 5, Township 22 North, Range 14 West, Mount Diablo Meridian, lying Northeasterly of Iron Peak Unit 2, Parcel Map P-8-73 for Blue Rock Ranches, Inc., filed in Map Case 2, Drawer 32, Page 97, Mendocino County Records.

APN: 033-040-55

Tract Two:

A non-exclusive easement 70 feet in width appurtenant to Tract One above for ingress, egress, and public utility purposes, the approximate location of which is depicted on the map attached to the Deed executed by Mora to Caito recorded November 21, 2000 as Document No. 2000-19534 as Exhibit "B" as "Access Easements."  At grantors election, grantors may survey the course of the easement herein granted or any portion thereof and may record in the Official Records of the County of Mendocino one or more records of survey of the same.  Upon the recordation of any such record of survey by the grantors, the description of the easement contained shall be deemed to be the description contained in said record of survey.  The easement herein granted shall also include the following rights:

    1.  The easement herein granted shall be appurtenant to Tract One above or any portion thereof and regardless of the number of divisions thereof and without limit to burden and shall not be diminished, restricted or otherwise affected by the division, redivision or change in use of any dominant tenement.

    2.  The right to use said easement for ingress, egress and public utility purposes, including without limitation, the right to use said easement for hauling timber and all forest products, as well as the right to use said easement for any commercial use and/or highway use.  The easement granted herein also includes the right to make and construct all necessary and convenient roadways, embankments, excavations, causeways, bridges, and other structures for road purposes and the right to repair, improve, replace and maintain the same.

    3.  In the event the use and enjoyment of any portion of the easement herein contained is substantially obstructed or curtailed, regardless of the cause of said obstruction or curtailment, and provided said obstruction or curtailment of the use and enjoyment of said portion of said easement cannot be removed in the exercise of reasonable diligence, good faith efforts, and at reasonable cost to any person having ownership interest therein, said portion of said easement may be relocated subject to the following:

a.  In the opinion of a licensed civil engineer, knowledgeable and experienced in the construction of roads in the coastal range of Mendocino County, relocation would substantially enhance the use and enjoyment of said easement; and

b.  Said relocation is to a site recommended by said licensed civil engineer, which site shall be the site most proximate to the previous site of said easement consistent with sound engineering practices.

Tract Three:

A non-exclusive easement for ingress, egress and public utilities over the 70' strip of land

1  designated "Simmerly Road" on the Parcel Map recorded January 5, 1973, in Map Case 2, Drawer 20, Page 19, Mendocino County Records and on the Parcel Map recorded July 27, 1978
2  in Map Case 2, Drawer 32, Page 97, Mendocino County Records.

3  Tract four:

4  An undivided interest in that certain spring and 50% of all water flowing from said spring which was reserved by Clement C. Mora, et ux, in the deed to Boyd E. Searer III, recorded June 6,
5  2000, in Document No.: 2000-08850 of Official Records of Mendocino County, and is described therein as "Reserved Spring for Parcel 5." Together with a non-exclusive easement 20 feet in
6  width to install water pipeline leading from said spring in a Southerly direction to the North line of Tract One above as reserved in said deed. This spring and pipeline are appurtenant to Tract
7  One above, and this spring is depicted as "Spring #1" on the map attached to the Deed executed by Mora to Caito recorded November 21, 2000 as Document No. 2000-19534 as Exhibit "B".